# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RICHARD GARCIA,

    Plaintiff,

v.

DOE,

    Defendant.

Case No. 1:17-cv-00865-JLT (PC)

**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILING TO EXHAUST ADMINISTRATIVE REMEDIES**

(Doc. 1)

**21-DAY DEADLINE**

Plaintiff alleges that he exhausted available administrative remedies on the claims he raises in this action. Plaintiff alleges that though he gave an inmate appeal to prison staff 28 days after the incident which is the basis for this action, it was denied as untimely by the appeals office since they did not receive it until 33 days after the incident. (Doc. 1, pp. 2, 6.) Plaintiff alleges that the prison-mailbox-rule applies such that the filing of his inmate appeal was timely and should not have been denied. (*Id.*, p. 6.)

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process.

*Booth v. Churner*, 532 U.S. 731, 741 (2001). The exhaustion requirement applies to all suits relating to prison life. *Porter v. Nussle*, 435 U.S. 516 (2002). Exhaustion under § 1997(e) is an affirmative defense, *Jones*, at 216, most commonly raised by a defendant in a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procdure, *Albino v. Baca*, 747 F.3d 1162, 1169-70 (9th Cir. 2014).

However, "the PLRA mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit." *Jones*, at 202. Exhaustion is an issue of "judicial administration" that is "appropriately decided early in the proceeding." *Albino,* at 1170 (citing *Myers v. Bethlehem Shipbuilding Corp*., 303 U.S. 41, 50-51 (1938) (referring to the "long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted"). Where an issue exists as to whether a prisoner failure to exhaust on the face of the complaint, it is properly addressed at screening. *Albino*, at 1168-69.

Plaintiff checked the lines on the form complaint indicating that there is a grievance procedure at the institution where this incident occurred and that he presented the facts in his complaint through all levels of review. (Doc. 1, p. 2.) However, Plaintiff's notes under that section indicate that his appeal, KVSO-0-15-02274, was denied at the second level because it was received 33 days after the incident complained of occurred. (*Id.*, p. 6.) Plaintiff alleges that he pursued the appeal to the third level where it was denied at that level as well since not submitted within 30 days of the incident. (*Id.*) Plaintiff alleges that the prison-mailbox-rule applies to make his inmate appeal timely submitted on the date he gave it to prison personnel -- 28 days after the incident. (*Id.*)

Plaintiff argues that his inmate appeal was timely based on a Wisconsin District Court's ruling that extended the prison-mailbox-rule to inmate appeals. (*See* Doc. 1, p. 6 citing *Georse v. Smith,* 2006 WL 3751407, *5-6.) However, the finding of the district court in Wisconsin is not binding on this court and is factually distinguishable from this case since the Wisconsin court found that the 10-day deadline or inmate appeals set by prison officials there was "hardly generous" and justified extension of the prison-mailbox-rule in that instance. (*Georse* , at *7.

The prison-mailbox-rule deems documents filed with the district court on the date an inmate delivers a document to prison authorities for forwarding. *See Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) quoting *Houston v. Lack*, 487 U.S. 266, 270 (1988) ("notice is deemed filed on the date the prisoner 'delivered the notice to prison authorities for forwarding to the [d]istrict [c]ourt'"). However, "proper exhaustion of administrative remedies is necessary" and the exhaustion requirement is not satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84, 126 S.Ct. 2378 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules. . . ." *Id.* at 90. Under California's applicable inmate appeal system, the "[t]ime limits for reviewing appeals shall commence upon the date of receipt of the appeal form by the appeals coordinator." 15 CCR § 3084.8(a). Plaintiff did not cite any Ninth Circuit cases or cases from district courts in this state that have applied the prison-mailbox-rule to an inmate's appeals within CDCR's grievance system and the Court found none. This Court declines to make such a finding without precedent and particularly where the applicable grievance deadline clearly states that an inmate appeal is not filed until it is received by the appeals coordinator. 15 CCR § 3084.8(a). Moreover, the amount time provided by the grievance procedure was sufficient, unlike in the Wisconsin case.

Further, Plaintiff alleges that he pursued KVSO-0-15-02274 to the Director's Level where it was denied since he did not file it within the 30-day time limit. (Doc. 1, p. 6.) However, Plaintiff does not state any process which was available to him to appeal this denial. If he was informed that he could appeal the denial of KVSO-0-15-02274 as untimely, he must have done so and obtained leave to proceed on KVSO-0-15-02274 before he may proceed here. However, Plaintiff makes no such allegations. Thus, it appears Plaintiff filed suit prematurely without first exhausting available administrative remedies in compliance with section 1997e(a). *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . ."). This is error is fatal to this action.

Accordingly, Plaintiff is ORDERED to show cause **within 21 days** from the date of service of this order why this action should not be dismissed for failure to exhaust administrative

3

remedies prior to filing suit.

**Plaintiff is forewarned that failure to timely respond to this order will result in dismissal of this action for Plaintiff's failure to obey a court order.**

IT IS SO ORDERED.

Dated: __**November 7, 2017**__     _____/s/ Jennifer L. Thurston__
                                              UNITED STATES MAGISTRATE JUDGE