# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GARCIA,<br><br>            Plaintiff,<br><br>   v.<br><br>DOE,<br><br>            Defendant. | Case No. 1:17-cv-00865-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS FOR FAILING TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT**<br><br>**(Doc. 1)**<br><br>**21-DAY DEADLINE**<br><br>**CLERK TO ASSIGN A DISTRICT JUDGE** |

On November 7, 2017, the Court ordered Plaintiff to show cause within 21 days why this action should not be dismissed due to his failure to exhaust available administrative remedies. (Doc. 10.) His failure to do so was apparent from the face of his Complaint. Id.

The Court noted that Plaintiff checked the lines on the form complaint indicating that there is a grievance procedure at the institution where this incident occurred and that he presented the facts in his complaint through all levels of review. (Doc. 1, p. 2.) However, Plaintiff's notes under that section indicate that his appeal, KVSO-0-15-02274, was denied at the second level because it was received 33 days after the incident complained of occurred. (*Id.*, p. 6.) Plaintiff alleges that he pursued the appeal to the third level where it was likewise denied since not submitted within 30 days of the incident. (*Id.*) Plaintiff alleges that the prison-mailbox-rule applies to make his inmate appeal timely submitted on the date he gave it to prison personnel --

1

28 days after the incident. (*Id.*)

Plaintiff alleges that his inmate appeal was timely based on a Wisconsin District Court's ruling that extended the prison-mailbox-rule to inmate appeals. (*See* Doc. 1, p. 6 citing *Georse v. Smith,* 2006 WL 3751407, *5-6.) However, as noted in the OSC, the finding of the district court in Wisconsin is not binding on this court and is factually distinguishable from this case since the Wisconsin court found that the 10-day deadline or inmate appeals set by prison officials there was "hardly generous" and justified extension of the prison-mailbox-rule in that instance. (*Georse* , at *7.)

As also noted by the Court, the prison-mailbox-rule deems documents filed with the district court on the date an inmate delivers a document to prison authorities for forwarding. *See Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) quoting *Houston v. Lack* , 487 U.S. 266, 270 (1988) ("notice is deemed filed on the date the prisoner 'delivered the notice to prison authorities for forwarding to the [d]istrict [c]ourt'"). However, "proper exhaustion of administrative remedies is necessary" and the exhaustion requirement is not satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules. . . ." *Id.* at 90. Under California's applicable inmate appeal system, the "[t]ime limits for reviewing appeals shall commence upon the date of receipt of the appeal form by the appeals coordinator." 15 CCR § 3084.8(a). Plaintiff has not cited any Ninth Circuit cases or cases from district courts in this state that have applied the prison-mailbox-rule to an inmate's appeals within CDCR's grievance system and the Court finds none. This Court declines to make such a finding without precedent and particularly where the applicable grievance deadline clearly states that an inmate appeal is not filed until it is received by the appeals coordinator. 15 CCR § 3084.8(a).

Further, Plaintiff alleges that he pursued KVSO-0-15-02274 to the Director's Level where it was likewise denied as untimely. (Doc. 1, p. 6.) Plaintiff states that he appealed the denial of KVSO-0-15-02274 in appeal KVSP-0-02663. Plaintiff states that he pursued KVSP-0-02663 through each required level. It was denied at each level, including the Director's Level, but

| | |
|---|---|
| 1 | Plaintiff contends that this exhausted as much of the administrative remedy as was available to |
| 2 | him within CDCR. However, in order to proceed here, KVSP-0-02663 must have been granted, |
| 3 | not denied, which would have allowed Plaintiff to proceed on KVSO-0-15-02274, and thereafter |
| 4 | file suit. |
| 5 |     Plaintiff also argues that there is a pattern of appeals coordinator's stamping inmate |
| 6 | appeals received five days beyond when they were given to prison staff to place in the prison |
| 7 | grievance mail box. However, given this purportedly well-known information, Plaintiff should |
| 8 | have accounted for the days it took for his grievance to arrive at the appeal coordinator's office |
| 9 | after he gave it to correctional staff. A mere five days between giving a grievance to prison staff |
| 10 | for mailing and receipt of the grievance by the appeals coordinator's office does not render the |
| 11 | process unavailable. *See Ross v. Blake*, --- U.S. ---, 136 S.Ct. 1850, 1859 (2016) (An inmate |
| 12 | appeals process is unavailable when: (1) it operates as a simple dead end; (2) it is essentially |
| 13 | unknowable, so that no ordinary prisoner can make sense of what it demands; or (3) an inmate's |
| 14 | pursuit of relief is thwarted through machination, misrepresentation, or intimidation by prison |
| 15 | administrators -- none of which have been shown by Plaintiff here.). |
| 16 |     The Court warned the plaintiff that the failure to exhaust available administrative |
| 17 | remedies prior to filing suit is fatal to an action under § 1983. (Doc. 10.) As stated therein, |
| 18 | pursuant the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to |
| 19 | prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in |
| 20 | any jail, prison, or other correctional facility until such administrative remedies as are available |
| 21 | are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available |
| 22 | administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney* |
| 23 | *v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the |
| 24 | relief sought by the prisoner and regardless of the relief offered by the process. *Booth v.* |
| 25 | *Churner*, 532 U.S. 731, 741 (2001). The exhaustion requirement applies to all suits relating to |
| 26 | prison life. *Porter v. Nussle*, 435 U.S. 516 (2002). |
| 27 |     "[T]he PLRA mandates early judicial screening of prisoner complaints and requires |
| 28 | prisoners to exhaust prison grievance procedures before filing suit." *Jones*, at 202. Exhaustion is |

an issue of "judicial administration" that is "appropriately decided early in the proceeding." *Albino,* at 1170 (citing *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938) (referring to the "long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted"). Where an issue exists as to whether a prisoner failure to exhaust on the face of the complaint, it is properly addressed at screening. *Albino*, at 1168-69. Thus, it appears Plaintiff filed suit prematurely without first exhausting available administrative remedies in compliance with section 1997e(a). *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to non-exhaustion is a valid ground for dismissal. . . ."). This is error is fatal to this action.

Accordingly, the Court **RECOMMENDS** that this case be **DISMISSED without prejudice** based on Plaintiff's failure to exhaust his administrative remedies prior to filing suit. The Clerk of the Court is directed to assign a District Judge to this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated: __**March 12, 2018**__            /s/ Jennifer L. Thurston
                                                             UNITED STATES MAGISTRATE JUDGE