# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| RICHARD GARCIA, | Case No. 1:17-cv-00865-LJO-JLT (PC) |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATION FOR ACTION TO PROCEED ON PLAINTIFF'S EIGHTH AMENDMENT CLAIMS AGAINST DOES #1, #2, AND #3 AND TO DISMISS ALL OTHER CLAIMS AND DEFENDANTS** |
| v. | |
| DOE, et al., | |
| Defendants. | **(Doc. 1)** |
| | **21-DAY DEADLINE** |

Plaintiff alleges three Doe correctional officers at KVSP allowed four other inmates to enter Plaintiff's cell and attack him because Plaintiff was convicted for murdering a correctional officer. Plaintiff has stated a cognizable claim under the Eighth Amendment, but none of his other claims are cognizable and the deficiencies in his pleading cannot be rectified without fabrication. Thus, the Court recommends that Plaintiff be allowed to proceed on his claims under the Eighth Amendment against Does #1, #2, and #3 and that all other claims and defendants should be dismissed.

**A.** <u>**Screening Requirement**</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary

1

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint must be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

**B.      Summary of the Complaint**

Plaintiff seeks monetary damages and declaratory relief against three male Doe correctional officers at KVSP. Specifically, Plaintiff alleges that he is an out-of-state inmate and was transferred from New Mexico to California in May of 1994 under the interstate corrections compact. Subsequently, in July of 2015, Plaintiff was transferred from CSP-Cor to KVSP. Upon arrival at KVSP, Plaintiff was placed in "orientation lockdown" for a two-week observation. On July 14 or 15, 2015, Plaintiff overheard a conversation that took place in front of his cell between Doe #2, Doe #3, and a supervisor indicating that Plaintiff was convicted of murdering a prison guard.

On July 16, 2015, Doe #1 was stationed in the control room and pushed the button, electronically opening Plaintiff's cell door. Plaintiff's door was not supposed to be opened, and, believing he was being set-up, Plaintiff moved to the back of his cell. Then four inmates with weapons ran into Plaintiff's cell and began stabbing him. Meanwhile, Doe #2 and Doe #3 were stationed on the floor outside of Plaintiff's cell, but waited for "what seemed like a long time" before yelling to get down and firing tear gas into Plaintiff's cell. Plaintiff suffered two stab wounds and numerous lacerations throughout his body, necessitating transport to the trauma center in the emergency room at the Kern Medical Center. Plaintiff was operated on and a tube was placed in his abdomen to allow drainage of fluids. After the operation, the surgeon told Plaintiff he was lucky to be alive. Plaintiff remained in the hospital for two and a half days before he was returned to KVSP where he was placed in Ad-Seg.

Later in 2015, Plaintiff was transferred to HDSP where he was placed on regular programming after two weeks in orientation. An attempted assault was made on Plaintiff his first day of regular programming as he was returning from the Rec Yard. Plaintiff states that though officials at HDSP tried to cover it up, he was placed with two other inmates whom had weapons

2

in Ad-Seg. Plaintiff filed an inmate appeal on the incident and was transferred to Arizona in February of 2016.

Plaintiff asserts that these circumstances violated his rights to protection/safety under the Eight Amendment, to be free from retaliation under the First Amendment, to due process under the Fourteenth Amendment, and amount to a claim based on events that "Shock the Conscience." Plaintiff's allegations only state a cognizable claim under the Eighth Amendment against the three Doe Defendants at KVSP. However, none of the rest of Plaintiff's claims are cognizable and their deficiencies, as discussed below, are not capable of correction. Leave to amend would be futile and need not be granted. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

## C. <u>Pleading Requirements</u>

### 1. **Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal,* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

Though "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual

3

allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969. Plaintiff must identify specific facts supporting the existence of substantively plausible claims for relief, *Johnson v. City of Shelby*, __ U.S. __, 135 S.Ct. 346, 347 (2014) (per curiam) (citation omitted).

**2. Linkage and Causation**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Generally, generic identifiers (i.e. "Defendant" or "Defendants"), without surname specificity, do not suffice to place any defendant on notice of a plaintiff's claims to be able prepare a defense. *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996). Plaintiff's allegations

sufficiently link Doe #1, Doe #2, and Doe #3[1] to the events upon which his Eighth Amendment claim is based to demonstrate each of their personal participation in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). However, Plaintiff fails to identify any correctional personnel he feels were in any way responsible for the events that allegedly occurred at HDSP.

### 3. Federal Rule of Civil Procedure 18(a) & 20(a)(2)

Federal Rule of Civil Procedure 18(a) allows a party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim to join, either as independent or as alternate claims, as many claims as the party has against an opposing party. However, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a) (Joinder of Claims), 20(a)(2) (Permissive Joinder of Parties); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff's claims based on events that allegedly occurred at KVSP and events that allegedly occurred at HDSP cannot proceed in the same action since they involve separate factual events, different defendants, and are based on alleged events that occurred at different facilities.

"Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly and severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and* (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2) (emphasis added); *see also Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*, 623 F.3d 1371, 1375 (9th Cir. 1980). The fact that Plaintiff's claims are based on being attacked by other inmates (presumably at the behest of prison personnel) does not suffice to make them related for purposes of Rule 20. The events that Plaintiff alleges occurred at KVSP and at HDSP do not share commons questions of law or fact to all defendants as required by Rule 20. Fed. R. Civ. P. 20(a)(2).

Under Rule 18(a), generally "[a] party asserting a claim, counterclaim, crossclaim, or

---

[1] Plaintiff will need to identify them for service purposes in order to proceed in this action.

third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Only if the defendants are properly joined under Rule 20(a) will the Court determine whether Plaintiff's claims are properly joined under Rule 18(a), which permits the joinder of multiple claims against the same party. However, even if all of the defendants in this action were properly joined under Rule 20(a), there is no similarity of defendants, or even a single defendant identified in the events that allegedly occurred at HDSP for joiner under Rule 18. Plaintiff may pursue the events that occurred at HDSP in a separate action, but it appears he may not pursue them in this action along with his claims based on events that occurred at KVSP without violating Rules 18 and 20.

Misjoinder is not a ground for dismissing an entire action, but parties who are not properly joined may be dropped and claims that are not properly joined may be severed. Fed. R. Civ. P. 21. Plaintiff may only pursue claims based on the events that allegedly occurred at KVSP in this action. *Visendi v. Bank of America, N.A.*, 733 F3d 863, 870-71 (9th Cir. 2013) (The Court may determine which claim may proceed in this action.). Plaintiff will be given opportunity to indicate whether he desires for his claims based on the events at HDSP to be severed into a new, separate action, or if he desires to voluntarily dismiss them.

**D.     Claims for Relief**

   **1.     Eighth Amendment -- Protection/Safety**

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Farmer*, 511 U.S. at 832-33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this duty, the prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." *Labatad*, at 1160 (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002); *see also Hoptowit v. Ray*, 682 F.2d 1237, 1246, 1250 (9th Cir.1982) (prison officials have "a duty to take reasonable steps to

6

protect inmates from physical abuse"). As courts have succinctly observed, "[p]ersons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F.Supp. 797, 800 (N.D. Iowa 1992) (citation omitted), *aff'd,* 973 F.2d 686 (8th Cir.1992). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citation and quotation omitted).

The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious danger. *Farmer*, at 843. The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." *Id.*, at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." *Id.*, at 836-37. This involves both objective and subjective components.

First, objectively, the alleged deprivation must be "sufficiently serious" and where a failure to prevent harm is alleged, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834, quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." *Farmer*, 511 U.S. at 837. Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847.

Leniently construed, Plaintiff's allegations show that Doe #1 knew Plaintiff faced a substantial risk of serious harm and disregarded that risk by opening the door to Plaintiff's cell which allowed four inmates with weapons to enter an unarmed inmate's cell. Likewise, Plaintiff's allegations that, despite being stationed on the floor just outside of Plaintiff's cell, Doe #2 and Doe #3 allowed armed inmates to enter Plaintiff's cell and did not immediately act to

break up their attack on Plaintiff raises an inference that Doe #2 and Doe #3 knew Plaintiff faced a substantial risk of serious harm, which they intentionally disregarded. Thus, Plaintiff states a cognizable Eighth Amendment claim against Does #1, #2, and #3 upon which he should be allowed to proceed.

### 2. First Amendment -- Retaliation

The First Amendment protects inmates from retaliation for engaging in protected conduct. A retaliation claim has five elements. *Waitson v. Carter*, 668 F.3d 1108, 1114-1115 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir.2009).

First, the plaintiff must allege that the retaliated-against conduct is protected. *Id.* The filing of an inmate grievance is protected conduct, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as are the rights to speech or to petition the government, *Silva v. Di Vittorio*, 658 F.3d 1090, 1104 (9th Cir. 2011); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). Second, the plaintiff must show the defendant took adverse action against the plaintiff. *Rhodes*, at 567. Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. *Waitson*, 668 F.3d at 1114. Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Robinson*, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim*, 584 F.3d at 1269, that is "more than minimal," *Robinson*, 408 F.3d at 568 n.11. Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution . . ." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985).

Plaintiff fails to state any allegations to show that he engaged in protected conduct which was the animus behind Does #1, #2, and #3 allowing other inmates to attack Plaintiff. To the contrary, Plaintiff is very explicit that Does #1, #2, and #3 engaged in the alleged conduct because Plaintiff murdered another correctional officer. This is not the proper basis for a retaliation claim under the First Amendment and Plaintiff's claim is not cognizable and should be

8

dismissed.

### 3. Fourteenth Amendment -- Due Process

#### a. Procedural

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Plaintiff has not alleged any facts that would support a claim that he was deprived of a protected interest without procedural due process.

#### b. Substantive

"To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 520 U.S. 1240 (1997); *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998). Plaintiff has not alleged any facts that would support a claim that his rights under the substantive component of the Due Process Clause were violated.

Plaintiff attempts to state a due process claim under the Fourteenth Amendment by alleging that the acts by Does #1, #2, and #3 "shock the conscious." However, the Supreme Court has held that where prison officials allegedly failed to protect a prison inmate from attack by another inmate which led to serious injury, that lack of care did not approach the sort of abusive government conduct that the due process clause was designed to prevent. *Davidson v. Cannon*, 474 U.S. 344 (1986). Thus, Plaintiff's allegations are properly considered under the Eighth Amendment as discussed above. Claims under the Fourteenth Amendment should be dismissed.

///

### 4. Declaratory Relief

In addition to damages, Plaintiff seeks declaratory relief. Because Plaintiff's claims for damages necessarily entail a determination whether his rights were violated, his separate request for declaratory relief is subsumed by those claims. *Rhodes v. Robinson*, 408 F.3d 559, 565-66 n. 8 (9th Cir. 2005). Therefore, Plaintiff may not pursue declaratory relief in this action.

### **CONCLUSION, ORDER, & RECOMMENDATION**

Plaintiff's Complaint states cognizable claim under the Eighth Amendment against Does #1, #2, and #3 upon which he should be allowed to proceed. However, none of the rest of Plaintiff's claims are cognizable such that all other claims and Defendants should be dismissed. Given that the defects on Plaintiff's other claims are not capable of cure without fabrication, leave to amend would be futile and need not be granted. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

It is ORDERED that, **within 21 days** after being served with these Findings and Recommendations, Plaintiff SHALL file a statement indicating whether he desires for his claims based on incidents that occurred at HDSP to be severed and opened in a new action.[2]

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action should proceed on Complaint on Plaintiff's Eighth Amendment claims against Does #1, #2, and #3;
2. If Plaintiff fails within the time allowed to respond indicating whether he desires for his claims based on incidents that occurred at HDSP to be severed and opened in a new action all such claims and Defendants should be dismissed with prejudice; and
3. All other claims and Defendants should be dismissed with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written

---

[2] Any new action will be subject to screening for cognizability of Plaintiff's claims under 28 U.S.C. § 1915A(a) and Plaintiff will have to file an application to proceed *in forma pauperis* or pay the filing fee in that action.

objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 11, 2019**       **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE