# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GARCIA,<br><br>            Plaintiff,<br><br>   v.<br><br>DOE,<br><br>            Defendants. | Case No. 1:17-cv-00865-LJO-JLT (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS FOR PLAINTIFF TO PROCEED ON EIGHTH AMENDMENT CLAIMS AGAINST DOES #1, #2, & #3, DISMISSING ALL OTHER CLAIMS AND DEFENDANTS**<br><br>**(Doc. 23)** |

Plaintiff, Richard Garcia, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 11, 2019, the Magistrate Judge filed a Findings and Recommendation which was served on Plaintiff and contained notice that objections were due within twenty-one days. (Doc. 23.) In response, Plaintiff voluntarily dismisses claims based on events that occurred at HDSP, but objects to dismissal of his retaliation and due process claims and requests appointment of counsel. (Doc. 24.)

Plaintiff argues that he was retaliated against for filing an inmate grievance, but the does not address the fact, noted in the F&R, that Plaintiff explicitly alleges he was retaliated against because he murdered another correctional officer -- which is not protected conduct. Plaintiff also

1

argues that his claim against Does #1, #2, & #3 is cognizable under the Fourteenth Amendment as well as the Eighth Amendment. However, Plaintiff provides no legal authority for his position and the Court finds none, particularly in light of *Davidson v. Cannon*, 474 U.S. 344 (1986) (the lack of care where prison officials allegedly failed to protect a prison inmate from attack by another inmate which led to serious injury did not approach the sort of abusive government conduct that the due process clause was designed to prevent).

Plaintiff attached a motion for appointment of counsel to his objections. (*See* Doc. 24, pp. 4-5.) Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits and, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Id.*

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, that issued on February 11, 2019 (Doc. 23), is adopted in full;
2. Plaintiff may proceed on the following cognizable Eighth Amendment claims as stated in the Complaint against Does #1, #2, and #3:
3. Plaintiff voluntarily dismissed all claims based on events that allegedly occurred at High Desert State Prison, per Federal Rule of Civil Procedure 41(a)(1) they are dismissed without prejudice;
4. All other claims and Defendants are dismissed with prejudice;
5. Plaintiff's motion for appointment of counsel is denied without prejudice; and
6. The action is referred to the Magistrate Judge for service of process.

IT IS SO ORDERED.

Dated: **April 8, 2019**　　　　　　　　**/s/ Lawrence J. O'Neill**
　　　　　　　　　　　　　　　　　　　UNITED STATES CHIEF DISTRICT JUDGE