# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GARCIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DOE, et al.,<br><br>　　　　　Defendants. | Case No. 1:17-cv-00865-LJO-JLT (PC)<br><br>**ORDER FOR PLAINTIFF TO PROVIDE ADDITIONAL INFORMATION TO IDENTIFY DOE DEFENDANTS FOR SERVICE OF PROCESS**<br><br>**(Docs. 1, 23, 25)**<br><br>**21-DAY DEADLINE** |

　　　　The Court screened the Complaint (Doc. 1) and found it to state cognizable claims against John Does #1, #2, and #3 (Docs. 23, 25). Because Plaintiff did not identify the defendants in the Complaint, the Court ordered Plaintiff to submit all information in his possession, including copies of all levels of review on the inmate appeal he filed to exhaust administrative remedies on his claims. (Doc. 26.) Though Plaintiff filed a response, it is insufficient and requires clarification.

　　　　Plaintiff submitted copies of all levels of review for inmate appeal log number KVSP-15-02663 in which Plaintiff challenged the dismissal of inmate appeal log number KFSP-O-15-02274 as untimely. (Doc. 27, pp. 5-11.) The latter of these inmate appeals, #02274, apparently grieved the circumstances upon which Plaintiff bases this action. Plaintiff did not submit copies of #02274 and states that he does not have a copy of it, but that it did not contain any of the Does' names and was lost or misplaced upon his transfer to Arizona. (*Id.*, p. 2.) Plaintiff submitted a

1

copy of the first page of his Administrative Segregation Unit Placement Notice (*id.*, p. 12); a copy of the WICC Progress Report (*id.*, p. 13); and a copy of the IGI Chrono showing Plaintiff's request to remain classified as a general population inmate, with double cell status, and his denial of any safety concerns (*id.*, p. 14). Though these documents note that Plaintiff was attacked, none of them contain any information about the circumstances of the attack, or the identities of any staff in Plaintiff's housing unit, including those who responded to the attack. The IGI Chrono refers to Log #KVSP-FA5-15-07-0363, (*see id.*, at p. 14), which may contain information as to the identities of prison personnel who responded to the incident. All such documents should be contained in Plaintiff's CDCR's Central File, which Plaintiff may request.

Plaintiff alleges in the Complaint that the incident occurred on July 16, 2015, (Doc. 1, pp. 2, 6) and this is reflected in the exhibits that Plaintiff recently submitted (Doc. 27, pp. 7-14). However, in his response to identify the Does, Plaintiff states in paragraph 6 that he believes the incident "occurred on July 13, 205 or about July 14, 2015" (Doc. 27, p. 3, ¶6), and in paragraph 10, he states that "the incident occurred between 12:00 PM to 4:00 PM on or about July 13, 2015" (*id.*, at ¶10). The discrepancy as to the date of the incident must be resolved. Additionally, in his response, Plaintiff generally describes Does #2 and #3 with the same descriptions -- e.g. "11. Plaintiff beliefs (sic) either or both Defendants Doe 2 and Doe 3 were Hispanic, gender both male. Hair color? 12. Plaintiff beliefs (sic) Defendants Doe 2 and Doe 3 height could have been about 5"9 (sic) and or taller. 13. Plaintiff beliefs (sic) Defendants Doe 2 and Doe 3 weight could have been anywhere from 170 lbs to 200 lbs." (Doc. 27, p. 3.) These vague descriptions are insufficient to identify individuals the USM should serve with process in this action.

The information provided by Plaintiff does not sufficiently identify any individual for service of the Complaint. Plaintiff must provide information to resolve the above discrepancies as well as obtain and submit additional information to identify the Doe defendants. If Plaintiff locates inmate appeal log number KFSP-O-15-02274 he **SHALL** submit all levels of review on it. If Plaintiff has any records reflecting the names or signatures of John Does #1, #2, or #3 he **SHALL** submit them as well. Plaintiff **SHALL** also provide the date and approximate time of the incident as well as the dates, locations, and times that he saw any of the Defendants, their

| | |
|---|---|
| 1 | shifts, job titles, duties, and all identifying attributes that he can recall about them such as their |
| 2 | gender, hair color, height, weight, and the like.  Plaintiff must provide this information |
| 3 | individually for each Defendant, not generally for them as a group.  Plaintiff should submit |
| 4 | everything he has in response to this order that might identify the Defendants and is cautioned |
| 5 | that, if they cannot be identified, they cannot be served, which will result the dismissal of the |
| 6 | action.  Fed. R.Civ. P. 4(m). |
| 7 | Accordingly, **within 21 days** of the date of service of this order, Plaintiff shall file further |
| 8 | information that identifies John Does #1, #2, and #3. |
| 9 | **The failure to comply with this order will result in a recommendation that this action** |
| 10 | **be dismissed.** |
| 11 | |
| 12 | IT IS SO ORDERED. |
| 13 | Dated:   **April 30, 2019**              /s/ Jennifer L. Thurston |
| 14 | UNITED STATES MAGISTRATE JUDGE |