UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GARCIA,<br><br>        Plaintiff,<br><br>    v.<br><br>PEREZ, et al.,<br><br>        Defendants. | Case No.: 1:17-cv-00865-LJO-JLT (PC)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND DISREGARDING MOTION TO PROCEED** *IN FORMA PAUPERIS*<br><br>(Docs. 53, 54) |

On December 23, 2019, Plaintiff filed a motion to proceed *in forma pauperis* (IFP). (Doc. 54.) The Court, though, already granted Plaintiff's prior motion to proceed IFP, (Doc. 2), in August 2017. (Doc. 8.) Thus, the Court DISREGARDS Plaintiff's motion, (Doc. 54), as moot.

Plaintiff also requests the appointment of counsel. (Doc. 53.) Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiffs under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on

| | |
|---|---|
| 1 | the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the |
| 2 | complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted). |
| 3 |     The Court does not find the required exceptional circumstances here. Even if it is assumed |
| 4 | that Plaintiff is not well versed in the law and has made serious allegations that, if proven, would |
| 5 | entitle him to relief, his case is not extraordinary. The Court is faced with similar cases almost |
| 6 | daily. In addition, at this early stage in the proceedings, the Court cannot determine whether |
| 7 | Plaintiff is likely to succeed on the merits; and, based on a review of the records in this case, the |
| 8 | Court does not find that Plaintiff cannot adequately articulate his claims. *See id.* For these |
| 9 | reasons, the Court DENIES Plaintiff's motion for the appointment of counsel, (Doc. 53), without |
| 10 | prejudice. |

IT IS SO ORDERED.

Dated: **December 27, 2019**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE