UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GARCIA,<br><br>        Plaintiff,<br><br>    v.<br><br>PEREZ, et al.,<br><br>        Defendants. | Case No. 1:17-cv-00865-NONE-JLT (PC)<br><br>**ORDER DIRECTING PLAINTIFF TO FILE SUPPLEMENT TO HIS OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(e)**<br><br>(Docs. 57, 58)<br><br>21-DAY DEADLINE |

        On February 6, 2020, Defendants Crisanto and Mello filed a motion for summary judgment on the grounds that Plaintiff failed to exhaust administrative remedies prior to filing suit. (Doc. 57.) On February 18, 2020, Plaintiff filed a document titled, "Exhaustion Motion." (Doc. 58.) Upon review, the document appears to be intended to serve as an opposition to Defendants' motion for summary judgment.

        Notably, along with the motion for summary judgment, the defendants provided a *Rand*[1] notice. This notice detailed the requirements for opposing a motion for summary judgment. The notice warned, "

    When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in

---
[1] *Rand v Rowland*, 154 F.3d 952, 957 (9th Cir. 1988).

> declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and documents and that show there to be a genuine issue of material fact for trial. If you do not submit your own evidence in opposition to Defendants' motion, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

(Doc. 57-1 at 2)

In his opposition, Plaintiff fails to comply with the standards described in the *Rand* notice. As noted in the *Rand* notice, Federal Rule of Civil Procedure 56 requires that a "party asserting that a fact cannot be or is genuinely disputed must support the assertion by … citing to particular parts of materials in the record, including … documents, … affidavits or declarations." Fed. R. Civ. P. 56(c)(1)(A). Plaintiff also failed to file a separate document admitting to or denying the facts in Defendants' Statement of Undisputed Facts, as required by Local Rule 260(b). The Court further notes that Plaintiff's opposition is neither signed under penalty of perjury nor accompanied by a sworn declaration. (*See* Doc. 58.)

Federal Rule of Civil Procedure 56(e) provides also, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … give an opportunity to properly support or address the fact." Thus, the Court grants Plaintiff one opportunity to submit evidence to properly support the facts asserted in his opposition.

Plaintiff is warned that any submission should comply with the applicable requirements of Federal Rule of Civil Procedure 56(c). Plaintiff must set forth specific facts—for example, in sworn declarations, depositions, or authenticated documents—that contradict the facts in Defendants' declaration(s) and show that there is a genuine dispute of material fact.

Further, Plaintiff must comply with Local Rule 260(b), which requires him to "reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial." Plaintiff "may also file a concise 'Statement of Disputed Facts,' and the source thereof in the record, of all additional material facts as to which there is a genuine

issue precluding summary judgment." *Id.* Accordingly, the Court **ORDERS**:

1. **Within 21 days** of the date of service of this order, Plaintiff shall file a supplement to his opposition to Defendants' motion for summary judgment, which complies with the requirements of Fed. R. Civ. P. 56(c) and Local Rule 230(b);
2. **Within 7 days** of the filing of Plaintiff's supplement, Defendants Crisanto and Mello shall file a reply, if any, to Plaintiff's opposition, including his supplement;

**Plaintiff's failure to comply with this order may result in dismissal of this action or in summary judgment in favor of Defendants**.

IT IS SO ORDERED.

Dated: **February 27, 2020**          /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE