UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GARCIA,<br><br>             Plaintiff,<br><br>    v.<br><br>PEREZ, et al.,<br><br>             Defendants. | Case No. 1:17-cv-00865-NONE-JLT (PC)<br><br>**ORDER SETTING EVIDENTIARY HEARING**<br><br>**ORDER ON MISCELLANEOUS MOTIONS**<br><br>(Docs. 58, 62) |

On February 6, 2020, Defendants Crisanto and Mello filed a motion for summary judgment on the grounds that Plaintiff failed to exhaust administrative remedies prior to filing suit. (Doc. 57.) On February 18, 2020, Plaintiff filed a document titled, "Exhaustion Motion." (Doc. 58.) Upon review of the document, the Court found that it was intended to serve as an opposition to Defendants' motion for summary judgment and construed it as such. (Doc. 59.) On February 27, 2020, the Court ordered Plaintiff to file a supplement to his opposition. (*Id.*)

On February 28, 2020, Plaintiff filed a document titled, "Motion to Provide a Specification of the Particular Facts on which Discovery is to be had or the Issues on which Discovery is Necessary." (Doc. 60.) The Court construes the filing as a motion to conduct discovery pursuant to Federal Rule of Civil Procedure 56(d) and Local Rule 260(b). Defendants construed the filing as an opposition and filed a reply on March 10, 2020. (Doc. 61.)

///

On March 19, 2020, Plaintiff filed a motion for an extension of time to file a supplement to his opposition. (Doc. 62.) Plaintiff filed a supplemental opposition on March 30, 2020. (Docs. 64-66.) Defendants filed a reply on April 2, 2020. (Doc. 67.)

Upon review of the evidence, the Court has determined that a genuine dispute of material fact exists that requires an evidentiary hearing to resolve. *See Albino v. Baca*, 747 F.3d 1162, 1169-71 (9th Cir. 2014). Defendants contend that Plaintiff filed an inmate grievance (No. KVSP-O-15-02274) concerning the incident underlying this action on August 18, 2015 (Doc. 57-3 at 1-2), after the 30-day window in which Plaintiff could submit his grievance. *See* Cal. Code Regs. tit. 15, § 3084.8(b). Plaintiff contends that he filed the grievance on August 15, 2015 (Doc. 66 at 2, 5-6), which is within the 30-day window. Based on the above, the Court finds that an evidentiary hearing is required to resolve the factual dispute. Accordingly, the Court ORDERS:

1. This matter is set for an evidentiary hearing on the issue of exhaustion of administrative remedies before the undersigned on **July 8, 2020**, at 9:00 a.m. at the United States Courthouse in Bakersfield[1];

2. If Plaintiff intends to call incarcerated witnesses at the hearing, he shall file a motion for the attendance of incarcerated witness by **May 15, 2020**. For each such witness, the motion must (1) state the name, address, and prison identification number of the witness, (2) be accompanied by a declaration from Plaintiff and/or the witness, signed under penalty of perjury, indicating that the witness has firsthand knowledge of relevant facts, and, (3) if the witness is willing to testify voluntarily, be accompanied by a declaration from Plaintiff and/or the witness, signed under penalty of perjury, indicating that the witness is willing to testify. If the witness is not willing to testify voluntarily, the motion should so state.

3. Defendants shall file their opposition, if any, to Plaintiff's motion for the attendance of incarcerated witness by **June 1, 2020**. In their opposition (or separately, if they have no opposition), Defendants shall state whether they prefer a video-conference

---

[1] If restrictions are in place related to the COVID-19 pandemic, the Court will complete this hearing via videoconference and provide instructions nearer the date.

appearance for any inmate witness and, if they do, whether the witness's institution of incarceration can accommodate video-conference appearances.

4. If a party wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, the witnesses must be served with subpoenas. Fed. R. Civ. P. 45. In addition, the party must tender an appropriate sum of money for each such witness. *Id.* In the case of an unincarcerated witness, the appropriate sum of money is the <u>daily witness fee of $40 plus the witness's travel expenses</u>. 28 U.S.C. § 1821.

5. If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, he must notify the Court in writing of their names and locations by **May 15, 2020**. For each such witness, the Court will calculate the daily witness fee *plus* the travel expenses and notify Plaintiff of the amount(s). Plaintiff must then submit a money order for each such witness by **May 22, 2020**. The Court will then direct the United States Marshall to serve subpoenas on each such witness, as deemed appropriate.

6. If a party wishes to obtain the attendance of unincarcerated witnesses who agree to testify voluntarily, the party must notify each such witness of the date, time, and location of the hearing. The party need not file a motion or seek action from the Court.

7. The parties shall file and serve their respective lists of the witnesses they intend to call at the hearing by **May 15, 2020**. The lists should include the name and title of every witness.

8. The parties shall file and serve their respective lists of the exhibits they intend to use at the hearing by **May 15, 2020**.

9. The Court DIRECTS the Clerk of the Court to terminate Plaintiff's "Exhaustion Motion" (Doc. 58), since the filing is not a motion but rather an opposition to Defendants' motion for summary judgment.

///

///

///

3

10. Plaintiff's motion for an extension of time to file a supplement to his opposition to Defendants' motion for summary judgment (Doc. 62) is DISREGARDED as moot; Plaintiff has already filed a supplement (Doc. 64-66).

IT IS SO ORDERED.

Dated:  **April 26, 2020**              **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE