1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT
9                          EASTERN DISTRICT OF CALIFORNIA
10

11    RICHARD GARCIA,                          Case No. 1:17-cv-00865-NONE-JLT (PC)

12                    Plaintiff,               **FINDINGS AND RECOMMENDATIONS
                                               TO DENY DEFENDANTS' MOTION FOR
13            v.                               SUMMARY JUDGMENT**

14    R. PEREZ, et al.,                        (Doc. 57)

15                    Defendants.              **ORDER ON PLAINTIFF'S MOTIONS
                                               FOR MISCELLANEOUS RELIEF**
16
                                               (Docs. 60, 74, 77)
17

18            Defendants Crisanto and Mello move for summary judgment on the grounds that Plaintiff

19    failed to exhaust administrative remedies prior to filing suit. (Doc. 57.) For the reasons set forth

20    below, the Court recommends that Defendants' motion be denied.

21    **I.      PROCEDURAL BACKGROUND**

22            Defendants filed their motion for summary judgment on February 6, 2020. (Doc. 57.) On

23    February 18, 2020, Plaintiff filed a document titled, "Exhaustion Motion." (Doc. 58.) Upon

24    review, the Court found that the document was intended to serve as an opposition to Defendants'

25    motion for summary judgment and construed it as such. (Doc. 59 at 1.)

26            On February 28, 2020, Plaintiff filed a document titled, "Motion to Provide a

27    Specification of the Particular Facts on which Discovery is to be had or the Issues on which

28    Discovery is Necessary." (Doc. 60.) The Court construed the filing as a motion to conduct

1   discovery pursuant to Federal Rule of Civil Procedure 56(d) and Local Rule 260(b). (Doc. 69 at

2   1.) Defendants construed it as an opposition and filed a reply on March 10, 2020. (Doc. 61.)

3   Per the Court's order (Doc. 59), Plaintiff filed a supplemental opposition to Defendants'

4   motion for summary judgment on March 30, 2020 (Docs. 64-66). Defendants filed a reply to the

5   supplemental opposition on April 2, 2020. (Doc. 67.)

6   In their motion for summary judgment, Defendants raised two arguments: (1) Plaintiff

7   failed to timely file his administrative grievance concerning the events underlying this case, and

8   (2) even if Plaintiff timely filed the grievance, it would not have exhausted Plaintiff's

9   administrative remedies with respect to the claims in this action. (*See* Doc. 57.) On April 26,

10  2020, the Court set an evidentiary hearing to address Defendants' first argument. (Doc. 69.)

11  On May 15, 2020, Defendants filed a notice of "partial withdrawal" of their motion for

12  summary judgment. (Doc. 73.) Defendants "withdr[ew] their argument that Plaintiff failed to

13  timely submit an administrative grievance related to his claims in this matter, and they

14  submit[ted] for ruling on the second argument in their motion for summary judgment."[1] (*Id.* at 2.)

15  Accordingly, the Court vacated the evidentiary hearing.[2] (Doc. 76.) Defendants' motion is ripe for

16  review.

17  **II.   SUMMARY OF FACTS**

18  Plaintiff's claims stem from events that occurred while he was incarcerated at Kern Valley

19  State Prison. (*See* Doc. 37.) In his operative complaint, Plaintiff contends that Defendants failed

20  to protect him from an attack by other inmates on July 16, 2015. (*See id.*) Plaintiff alleges that

21  Correctional Officer Perez, while assigned to a control both, electronically opened Plaintiff's cell

22  door, allowing four inmates to enter Plaintiff's cell and stab him multiple times. (*Id.* at 3.)

23  Plaintiff alleges that Correctional Officers Crisanto and Mello, while assigned to the "floor"

24  outside of Plaintiff's cell, saw Plaintiff being attack but "did nothing" for several minutes. (*Id.* at

25  3, 6.) Eventually, Crisanto and Mello intervened to stop the inmates' attack. (*See id.* at 3-4.)

26

27  [1] Plaintiff filed a "motion" and response to Defendants' notice of partial withdrawal on June 2, 2020. (Doc. 77.) The Court disregards this filing as unnecessary.

28  [2] On May 18, 2020, Plaintiff filed a motion for an extension of time to file an exhibits list for the evidentiary hearing. (Doc. 74.) The Court denies this motion as moot.

Plaintiff states that, because he was on "orientation status," his cell door should not have been opened without correctional officers stationed outside. (*Id.* at 4.) Plaintiff alleges, the day before the attack, he overheard Crisanto and Mello discussing Plaintiff's murder of a prison guard in New Mexico. (*Id.*) In part for this reason, Plaintiff believes that the attack on July 16, 2015, was a "set up." (*Id.*)

Plaintiff filed an administrative grievance regarding the incident in August 2015. Defs.' Statement of Undisputed Facts ("SUF") ¶ 2 (Doc. 57-3); Pl.s' Decl. ¶ 2 (Doc. 66). In the grievance, Plaintiff states the following:

> On July 16, 2015 'I' Inmate Garcia … was placed into administrative segregation because I was a victim of attempted murder. It is stated on my unit placement notice that Facility A staff observed [four inmates] … run into my assigned cell in A5 cell 132 and attempt to murder me during afternoon … yard release…. My question is this? Why did the Facility A staff up on the control open my cell door and allow[] these 4 inmates in and attempt to murder me. Further why didn't the floor Facility A staff say or do anything to warn the control to shut and close my cell door since I was in orientation and it was to be shut and close[d] at all times.

Vasquez Decl. Ex. A (Doc. 57-4 at 14-17).

On September 23, 2015, prison staff cancelled Plaintiff's grievance as time-barred at the first level of review. Pl.s' SUF ¶ 6 (Doc. 66). Plaintiff appealed the cancellation. Defs.' SUF ¶ 7; Pl.s' Decl. ¶¶ 7, 9. At the third level of review, the CDCR Office of Appeals determined that prison staff had appropriately cancelled the grievance. Vasquez Decl. ¶ 6.

Plaintiff filed suit on June 29, 2017 (Doc. 1) and his operative complaint on July 16, 2019 (Doc. 37). The operative claims in this case are for violations of Plaintiff's Eighth Amendment right to be protected from physical harm. (*See* Doc. 36 at 2.)

## III.   LEGAL STANDARDS

### A.   Summary Judgment

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by

1  "citing to particular parts of materials in the record, including depositions, documents,

2  electronically stored information, affidavits or declarations, stipulations …, admissions,

3  interrogatory answers, or other materials," or by showing that such materials "do not establish the

4  absence or presence of a genuine dispute, or that an adverse party cannot produce admissible

5  evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). When the non-moving party bears

6  the burden of proof at trial, "the moving party need only prove that there is an absence of

7  evidence to support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (citing *Celotex*,

8  477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B).

9      Summary judgment should be entered against a party who fails to make a showing

10  sufficient to establish the existence of an element essential to that party's case, and on which that

11  party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322. "[A] complete failure of

12  proof concerning an essential element of the nonmoving party's case necessarily renders all other

13  facts immaterial." *Id.* at 322–23. In such a circumstance, summary judgment should be granted,

14  "so long as whatever is before the district court demonstrates that the standard for the entry of

15  summary judgment … is satisfied." *Id.* at 323.

16      **B.  Exhaustion of Administrative Remedies**

17      The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect

18  to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in

19  any jail, prison, or other correctional facility until such administrative remedies as are available

20  are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and

21  "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007).

22  Inmates are required to "complete the administrative review process in accordance with the

23  applicable procedural rules, including deadlines, as a precondition to bringing suit in federal

24  court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all

25  inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the

26  relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S.

27  731, 741 (2001).

28  ///

4

1    The failure to exhaust administrative remedies is an affirmative defense, which the

2    defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. The defendant bears the burden of

3    producing evidence that proves a failure to exhaust; and, summary judgment is appropriate only if

4    the undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff

5    failed to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). On a motion for summary

6    judgment, the defendant must prove (1) the existence of an available administrative remedy and

7    (2) that Plaintiff failed to exhaust that remedy. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir.

8    2015) (citations omitted). If the defendant meets this burden, "the burden shifts to the plaintiff,

9    who must show that there is something particular in his case that made the existing and generally

10   available administrative remedies effectively unavailable to him…." *Id.* If the plaintiff fails to

11   meet this burden, the court must dismiss the unexhausted claims or action without prejudice. *See*

12   *Lira v. Herrera*, 427 F.3d 1164, 1175 (9th Cir. 2005).

13        **C.  CDCR Grievance Process**

14        The CDCR has an administrative grievance system for prisoners to appeal a policy,

15   decision, action, condition, or omission by the department or staff if it has an adverse effect on

16   prisoner health, safety, or welfare. Cal. Code Regs., tit. 15, § 3084.1(a). Compliance with 42

17   U.S.C. section 1997e(a) requires California state prisoners to use CDCR's grievance process to

18   exhaust their claims before filing suit in court. *See Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir.

19   2010); *see also Woodford*, 548 U.S. at 85-86. Administrative appeals are generally subject to

20   three levels of review before the remedy is deemed exhausted. Cal. Code Regs., tit. 15, §

21   3084.1(b); s*ee also Sapp*, 623 F.3d at 818.

22   **IV.    DISCUSSION**

23        Inmates must exhaust only those administrative remedies that are "available;" they "need

24   not exhaust unavailable ones." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). The Ninth Circuit has

25   held "that improper screening of an inmate's administrative grievances renders administrative

26   remedies 'effectively unavailable' such that exhaustion is not required under the PLRA." *Sapp*,

27   623 F.3d at 823. To qualify for this exception to the exhaustion requirement, a prisoner "must

28   establish (1) that he actually filed a grievance … that, if pursued through all levels of

5

administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance … for reasons inconsistent with or unsupported by applicable regulations." *Id.* at 823-24.

### A.  The Court assumes that officials improperly screened Plaintiff's grievance

Prison staff screened Plaintiff's grievance on the grounds that Plaintiff failed to submit it within the time constraints imposed by California regulations. Pls' SUF ¶ 6. However, as noted in section I, *supra*, Defendants abandoned the argument that Plaintiff failed to meet the applicable time constraints. (*See* Doc. 73 at 2.) Accordingly, for purposes of this summary judgment motion, the Court assumes that prison officials improperly screened Plaintiff's grievance as time-barred. Therefore, the only matter to address is whether Plaintiff's grievance, if pursued through all levels of review, would have sufficed to exhaust the claims at issue in this case.

### B.  Plaintiff's grievance would have sufficed to exhaust the claims in this action

The PLRA requires "proper exhaustion," which means that "the prisoner must complete the administrative review process in accordance with the applicable procedural rules … as a precondition to bringing suit in federal court." *Woodford*, 548 U.S. at 88, 93. The rules that must be followed, in other words, "are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system …, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

Prior to 2011, state grievance procedures only required inmates to "describe the problem and the action requested." *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting former Cal. Code Regs. tit. 15, § 3084.2). The regulations were amended in 2010. *See* Cal. Code Regs. tit. 15, § 3084.2 (History Notes 11-12). In 2015, the regulations required the following:

> The inmate … shall list all staff member(s) involved and shall describe their involvement in the issue…. [T]he inmate … shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate … does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question.

Cal. Code Regs. tit. 15, § 3084.2(a)(3).

6

1      Defendants Crisanto and Mello argue that Plaintiff's grievance, even if pursued through

2  all levels of review, would have failed to exhaust the claims against them in this case because (1)

3  the grievance did not identify them by name, and (2) it did not allege that they failed to intervene

4  for several minutes to stop the attack against Plaintiff. (*See* Doc. 57-2 at 8-9.) Defendants contend

5  that Plaintiff thus failed to provide prison officials with sufficient information to identify them

6  and to alert the officials to the nature of the wrong alleged. (*See id.*)

7      The Court disagrees. In his grievance, Plaintiff stated that, on July 16, 2015, Facility A

8  staff observed four inmates enter his cell and stab him. (Doc. 57-4 at 14, 16.) Plaintiff provided

9  his cell number and the approximate time of day ("afternoon yard release"). (*Id.* at 16.) He

10  alleged that control staff opened his cell door, allowing the inmates to enter. (*Id.*) And he alleged

11  that floor staff failed to "say or do anything" to warn the control staff. (*Id.*)

12      Plaintiff thus provided information available to him to assist the appeals coordinator in

13  identifying the defendants, as required by state regulations. Plaintiff was not required to provide

14  the names of individuals he did not know. *See* Cal. Code Regs. tit. 15, § 3084.2(a)(3). In response

15  to the prison's rejection notice, Plaintiff indicated that he did not know the names of the staff

16  members. Pl.s' SUF ¶ 5. Plaintiff states that he had been in the pod where he was attacked for

17  only three days. *See* Pl.s' Decl. ¶ 5. Plaintiff provided sufficient information—the date and time

18  of day of the incident, the prison facility, his cell number, the staff members' assignments—to

19  allow prison officials to make a reasonable attempt to identify the staff members.

20      Plaintiff's grievance also placed prison officials on notice of the nature of the wrong

21  alleged in this lawsuit: failure to protect him from physical harm by other inmates. A grievance is

22  not required to provide all facts alleged in a future complaint or "necessary to prove each element

23  of an eventual legal claim. The primary purpose of a grievance is to alert the prison to a problem

24  and facilitate its resolution, not to lay groundwork for litigation." *Griffin v. Arpaio*, 557 F.3d

25  1117, 1120 (9th Cir. 2009). "Under the PLRA, a grievance 'suffices if it alerts the prison to the

26  nature of the wrong for which redress is sought.'" *Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir.

27  2016) (citations omitted). In other words, "[t]he grievance process is only required to 'alert prison

28  officials to a problem." *Id.* (internal quotation marks and citations omitted).

1       Like *Reyes*, this case is distinguishable from "*Griffin*, 557 F.3d at 1118-21, in which an

2  inmate submitted a grievance requesting a ladder to access his top bunk, and later filed a lawsuit

3  asserting that prison staff had disregarded an order assigning him to a lower bunk." 810 F.3d at

4  659. In this case, Plaintiff filed a grievance alerting prison officials to an alleged failure of staff to

5  protect him from an attack by four inmates—the same claim raised in this lawsuit. Thus, "[p]rison

6  officials had full notice of the alleged deprivation and ample opportunity to resolve it." *Id.* The

7  grievance therefore sufficed to exhaust Plaintiff's administrative remedies with respect to the

8  claims in this action.

9  **V.**    **CONCLUSION**

10       Based on the foregoing, the undersigned RECOMMENDS that Defendants' motion for

11  summary judgment (Doc. 57) be DENIED. Additionally, the Court ORDERS:

12      1.  Plaintiff's motion to conduct discovery (Doc. 60) is DENIED as moot;

13      2.  Plaintiff's motion for an extension of time (Doc. 74) is DENIED as moot; and,

14      3.  Plaintiff's response to Defendants' notice of partial withdrawal of their motion for

15         summary judgment (Doc. 77) is DISREGARDED as unnecessary.

16       These Findings and Recommendations will be submitted to the United States District

17  Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days of

18  the date of service of these Findings and Recommendations, Defendants may file written

19  objections with the Court. The document should be captioned, "Objections to Magistrate Judge's

20  Findings and Recommendations." Defendants' failure to file objections within the specified time

21  may result in waiver of their rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir.

22  2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

23

24  IT IS SO ORDERED.

25    Dated:  __June 11, 2020__           _____**/s/ Jennifer L. Thurston**

26                             UNITED STATES MAGISTRATE JUDGE

27

28