UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GARCIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. PEREZ, et al.,<br><br>　　　　　Defendants. | Case No. 1:17-cv-00865-NONE-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE**<br><br>(Doc. 82) |

Plaintiff requests the appointment of counsel to represent him in this action. (Doc. 82.) Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

///

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and has made serious allegations that, if proven, would entitle him to relief, his case is not extraordinary. The Court is faced with similar cases almost daily. In addition, the Court cannot make a determination on whether Plaintiff is likely to succeed on the merits;[1] and, based on a review of the records in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

In his motion, Plaintiff states that "out of state imprisonment [in Arizona] has greatly limited his ability to litigate this case since he can[not] do any kind of factual … investigation." (Doc. 82 at 2.) The Court notes that all *pro se* prisoner litigants face similar obstacles by virtue of their incarceration. Plaintiff does not show that his incarceration in Arizona, as opposed to California, prevents him from mailing written discovery requests to defense counsel, pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California. (*See* Discovery and Scheduling Order, Doc. 46 at 1-2.) Accordingly, the Court DENIES Plaintiff's motion for the appointment of counsel without prejudice to refiling at a later date.

IT IS SO ORDERED.

Dated:   **August 14, 2020**              **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] The Court's denial of Defendants' exhaustion-based motion for summary judgment did not address the merits of Plaintiff's claims, only whether Plaintiff adequately exhausted his administrative remedies prior to filing suit. (*See* Docs. 78-79.)